In the Matter of EUGENE P. EDWINN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 24, 1992

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Eugene P. Edwinn was admitted to the practice of law in New York by the First Judicial Department on March 20, 1950. At all times relevant herein respondent had maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an

order pursuant to 22 NYCRR 603.16 (a) immediately suspending respondent from the practice of law in New York for an indefinite period of time and until further order of this Court, and appointing an attorney to inventory the files of respondent pursuant to 22 NYCRR 603.16 (d).

In support of this petition, the Committee states that commencing in February 1991, staff began investigating a complaint filed by Leonard Malkin, Esq., with respect to respondent's alleged failure to account for and deliver $114,865 which was held by respondent in his escrow account on behalf of his client Grant Paper Company.

In a letter dated March 28, 1991 respondent answered Mr. Malkin's complaint claiming accounting problems and thereafter the staff investigated whether respondent had wrongfully converted the Grant Paper funds to his own use. Accordingly, by letter dated August 6, 1991, staff requested that respondent furnish all relevant bank records pertaining to the Grant Paper funds.

By letter dated September 16, 1991, respondent's secretary advised staff that respondent had suffered a severe stroke, was incapacitated and would not be returning to practice.

As a result of respondent's inability to comply with the Committee's request, in December 1991, staff received, pursuant to subpoena, monthly bank statements for respondent's Chemical Bank account No. 111-270626 for the period January 1990 to November 1991. That IOLA account had been previously identified by Mr. Malkin as the account in which respondent had deposited the Grant Paper funds.

By affidavit dated February 28, 1992 with exhibits attached, Mr. Malkin stated that the Grant Paper funds were, in fact, deposited by respondent in his IOLA account during the period January through July 1990, that respondent owed Grant Paper $104,865.46 and that Grant Paper never gave authority to the respondent to disburse the funds to anyone else. The bank records demonstrate that by November 1990, the IOLA account was entirely depleted.

As proof of respondent's incapacity, the Committee submits a copy of the order of the State of Connecticut Court of Probate, dated September 18, 1991, appointing Kevin O'Grady, Esq., as conservator of the estate and the person of respondent, and declaring respondent "incapable" and a copy of the order and decision of Honorable William J. Davis, Supreme Court, New York County, dated January 16, 1992, appointing

Leon Schroeder, Esq., as guardian ad litem in New York for respondent.

The Committee also submits a copy of a letter from Raymond Monacelli, a former subtenant in respondent's offices, dated April 28, 1992 explaining that on July 21, 1991, respondent suffered a severe stroke while attending a dinner party near his home in Connecticut. The stroke has left respondent virtually speechless, paralyzed on his right side, and unable to understand or communicate to any extent.

Mr. Monacelli states that he has attempted to get Mr. O'Grady, the conservator who was appointed by the Connecticut court to act in New York to dispose of respondent's practice and possessions, but to no avail.

Mr. Monacelli and the other subtenants were forced to vacate respondent's offices because of the high rent. Mr. Monacelli informed the conservator and the Connecticut court that he took it upon himself to store respondent's files and furniture at a warehouse in Brooklyn at his own expense. He states that he would keep them there for six months pending any resolution by any authorized party as to their disposition. Mr. Monacelli advises that respondent has no wife living, no children, no other relatives who will come forward, and no partners or associates in his law practice.

In view of the documentation presented, the Committee concludes that not only has respondent been declared judicially incompetent, but he is mentally unfit to practice law and is unable to respond to the serious allegations of professional misconduct lodged against him. As such, the Committee asserts that respondent should be immediately suspended from the practice of law by reason of mental incapacity and an attorney should be appointed to inventory the files and otherwise protect the interests of respondent's clients.

Both Leon D. Schroeder, Esq., the guardian ad litem for respondent in New York and Kevin M. O'Grady, Esq., the conservator of the person of respondent in Connecticut were served with copies of the Committee's petition by mail on July 30, 1992. To date neither one had interposed a response.

22 NYCRR 603.16 (a) provides as follows: *"Suspension upon judicial determination of incompetency or on involuntary commitment.* Where an attorney subject to this Part pursuant to the first sentence of section 603.1 of this Part has been judicially declared incompetent or incapable of caring for his property or has been involuntarily committed to a mental

hospital, this court, upon proper proof of the fact, shall enter an order suspending such attorney from the practice of the law, effective immediately and for an indefinite period and until the further order of this court. A copy of such order shall be served upon such attorney, his committee or conservator and/or director of mental hospital in such manner as this court may direct."

In the case at bar, the order of the State of Connecticut Court of Probate dated September 18, 1991 sufficiently establishes that respondent has been declared incompetent or incapable of caring for his property.

Accordingly, the Committee's petition for an order pursuant to 22 NYCRR 603.16 (a), suspending respondent from the practice of law, effective immediately, for an indefinite period and until further order of this Court upon the ground that he has been judicially declared incompetent, is granted.

Further, although a conservator has been appointed in Connecticut and a guardian ad litem has been appointed in New York, apparently to protect respondent's interests in a lawsuit which has been filed against him, it appears that no one has taken charge of conducting an inventory of respondent's files. Since the files have been removed from the office by a friend and subtenant of respondent's and are currently in storage, we further direct that to protect the interests of both respondent and his clients an attorney be appointed to inventory the files of respondent and to take such action as seems indicated to protect the interests of his clients (see, 22 NYCRR 603.16 [d] [1]).

MURPHY, P. J., ROSENBERGER, ASCH, KASSAL and RUBIN, JJ., concur.

Petition granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, immediately, for an indefinite period, and until the further order of this Court, and an attorney appointed to inventory respondent's files, all as indicated.