[996 NYS2d 28]

In the Matter of Nicolas Velez, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, November 6, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Nicolas Velez was admitted to the practice of law in the State of New York by the First Judicial Department on June 19, 1978. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee received a complaint from a former client of respondent alleging that he mishandled the proceeds from the sale of her home which had been deposited into his escrow account at her request. Respondent retained counsel and expressed, through counsel, a desire to resign. However, the resignation was never finalized. Counsel subsequently withdrew from further representation, advising the Committee that, in counsel's view, respondent did not have the mental capacity to defend himself. Counsel also advised the Committee that respondent had moved out of state and was no longer practicing law.

During the course of the investigation into this matter, the Committee learned that on April 26, 2013, the Superior Court of North Carolina issued an order that deemed respondent an incompetent person and appointed the Wake County North Carolina Department of Human Services as guardian of the person (GOP) over respondent. The investigation also revealed that respondent had been diagnosed with vascular dementia with psychotic features and behavioral disturbance; and that on August 8, 2013, respondent was admitted to a locked Alzheimer's treatment program at a facility operated by the North Carolina Department of Health and Human Services. Further, in a notarized letter addressed to the Committee dated June 4, 2014, the medical director of that facility stated that it is now "difficult for [respondent] to converse in full sentences" and he is suffering from "a chronic, progressive neurocognitive disorder. He has a legal GOP and is unable to practice law or to assist in defending himself against charges of professional misconduct. His cognitive status will continue to deteriorate over time, as his dementia is incurable."

The Committee seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.16 (a) immediately suspending respondent from the practice of law for an indefinite period and until further order of the Court on the grounds of mental incapacity or medical disability. That section provides:

"[w]here an attorney . . . has been judicially declared incompetent or incapable of caring for his property or has been involuntarily committed to a mental hospital, this court, upon proper proof of the fact, shall enter an order suspending such attorney from the practice of law, effective immediately and for an indefinite period and until the further order of this court."

Respondent's court-appointed guardian has been notified of the Committee's motion and has sent a letter to the Committee dated June 12, 2014, consenting to respondent's suspension from the practice of law for an indefinite period based upon the current diagnosis of dementia.

The April 26, 2013 order of the Superior Court of North Carolina sufficiently establishes that respondent has been declared an incompetent person. Additionally, a guardian of the person has been judicially appointed to protect respondent's interests and rights, and the guardian consents to the Committee's motion. Furthermore, the Committee has presented evidence from the medical director of the locked neuro-medical treatment center where respondent resides stating that respondent is suffering from incurable dementia which is chronic and progressive, and that he is incapable of practicing law or assisting in his defense against charges of professional misconduct.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.16 (a) suspending respondent from the practice of law for an indefinite period on the ground that he has been judicially declared incompetent should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court (see Matter of Dickson, 196 AD2d 399 [1st Dept 1994]; Matter of Edwinn, 183 AD2d 377 [1st Dept 1992]).

MAZZARELLI, J.P., SWEENY, ANDRIAS, DEGRASSE and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof for an indefinite period of time, and until further order of this Court, as indicated.